**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 14, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

CARLOS ISIDRO RODRIGUEZ-
PRECIADO,

　　　　Defendant - Appellant.

No. 11-1162

(D. Colorado)

(D.C. No. 1:10-CR-00495-WYD-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Defendant Carlos Rodriguez-Preciado pleaded guilty in the United States

District Court for the District of Colorado to illegal reentry after deportation as an

aggravated felon. *See* 8 U.S.C. §§ 1326(a) and (b)(2). The presentence report

calculated Defendant's total offense level as 21 and his criminal history as

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

category IV. This resulted in a recommended range of 57–71 months' incarceration under the sentencing guidelines.

Defendant did not object to the guidelines calculation in the presentence report but submitted a written motion arguing for a below-guidelines sentence. He noted that Colorado has no fast-track sentencing program, which is a program that allows offenders to obtain lower sentences for promptly pleading to specified offenses; and he argued that the district court should exercise its discretion to impose a nonguidelines sentence because of the disparities resulting from fast-track programs.

The district court rejected Defendant's argument for the reasons offered by the government, which included that Defendant had not established that he would have been eligible for a fast-track program in a district with such a program. On appeal the sole issue is whether the court appropriately rejected Defendant's request for a below-guidelines sentence based on fast-track disparities.

Recent precedent is precisely in point. We held that "a district court in a non-fast-track district has the discretion to vary from a defendant's applicable guideline range based on fast-track sentence disparities," but only after the defendant has met "the initial burden of showing entitlement, in some sense, to a variance based on fast-track sentence disparities." *United States v. Lopez-Macias*, 661 F.3d 485, 487 (10th Cir. 2011). Defendant has made no showing of such

entitlement.  Therefore, the district court acted well within its discretion in denying Defendant's request for a variance.

We AFFIRM the district court's decision.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge